**Venola PINKNEY, Plaintiff–Appellant,**

v.

**EMI MUSIC PUBLISHING, INC., Defendant–Appellee.**

No. 07–1353–cv.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Venola Pinkney, Blooming Grove, NY, pro se.

Paul Salvatore (Tracey I. Levy and Joshua A. Stein, on the brief), Proskauer Rose LLP, New York, NY, for Appellee.

PRESENT: BARRINGTON D. PARKER, DEBRA ANN LIVINGSTON, Circuit Judges, and DENNY CHIN, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Venola Pinkney appeals from a judgment of the United States District Court for the Southern District of New York (McKenna, *J.*) dismissing her claims of race and age discrimination under Title VII and the ADEA against Defendant–Appellee EMI Music Publishing, Inc. We assume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

In order to grant Appellee's motion for summary judgment, the District Court was required to find that "no genuine issue as to any material fact [existed] and that the movant [wa]s entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). A "genuine" dispute is one for which "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Nabisco, Inc. v. Warner–Lambert Co.*, 220 F.3d 43, 45 (2d Cir.2000) (internal quotation marks omitted), and a "material" fact is one that "might affect the outcome of the suit under the governing law." *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004) (internal quotation marks omitted). The summary judgment inquiry requires viewing the record in the light most favorable to the nonmoving party and resolving all ambiguities against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith*

---

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

*Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

We find that the District Court properly viewed the record in the light most favorable to Appellant and correctly applied the *McDonnell Douglas* framework to the facts of the case. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–04, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). We agree with the District Court that Appellant had established a prima facie case of race and age discrimination under Title VII and the ADEA, respectively, *see Pinkney v. EMI Music Pub.*, No. 02 Civ. 1944(LMM), 2006 WL 2456815, at *8, *12 (S.D.N.Y.2006). We also agree that Appellee articulated legitimate nondiscriminatory reasons for the treatment Appellant complained of and for her termination. *See id.* at *8–10, *12. As we held in *James v. New York Racing Ass'n*, once the defendant employer moving for summary judgment in an employment discrimination case proffers its nondiscriminatory reason, "the employer will be entitled to summary judgment ... unless the plaintiff can point to evidence that reasonably supports a finding of prohibited discrimination." 233 F.3d 149, 154 (2d Cir.2000). We agree with the District Court that Appellant—while not required to prove pretext at the summary judgment stage—failed to adduce sufficient evidence that could reasonably support a finding of prohibited race or age discrimination.

The judgment of the District Court is AFFIRMED.